UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LONNIE E. WOLFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-5-SNLJ |
| | ) |
| ELLIS McSWAIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is plaintiff Lonnie E. Wolford's Motion to Disqualify Judge. (Docket No. 8). Therein, Wolford seeks to disqualify the undersigned from this case. In support, Wolford avers that the undersigned is located far from the Northern Division, making it inconvenient and burdensome to preside over this case. Wolford also states that the undersigned was once a Justice on the Missouri Supreme Court in Jefferson City, and "became acquainted with and friends to various persons employed [*sic*] by the Missouri Probation & Parole Agency, including several who might be defendants in this case." (Docket No. 8 at 1). The motion will be denied.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). An objective standard of reasonableness is applied in determining whether recusal is required. *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006); *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). Disqualification is required if a reasonable person with knowledge of the relevant facts of the case would question the judge's impartiality. *Fletcher*, 323 F.3d at 664. A judge is presumed to be impartial, and a party seeking recusal bears the substantial burden of proving otherwise. *Id.*

Wolford's statement about inconvenience and burden based upon geography provides no basis for recusal. Nor does his speculation that, because the undersigned once occupied a position with proximity to the Missouri Probation and Parole Agency, he may have known people who are now named as defendants in this case. Wolford does not allege that the undersigned was actually acquainted with, or even met, any named defendant. Wolford presents no facts tending to establish bias or partiality, or any other facts establishing any other disqualifying circumstances that would allow a reasonable person to question the undersigned's impartiality. He therefore fails to meet the substantial burden required to overcome the presumption of the undersigned's impartiality.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Lonnie E. Wolford's Motion to Disqualify Judge (Docket No. 8) is **DENIED**.

Dated this 15th day of March, 2017.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE