# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| LONNIE E. WOLFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-5-SNLJ |
| | ) | |
| ELLIS McSWAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Lonnie E. Wolford, an inmate at Northeast Correctional Center, for leave to commence this action without prepayment of the filing fee. (Docket No. 2). The motion will be granted, and Wolford's complaint will be dismissed.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the average monthly deposits or the average monthly balance in the prisoner's account for the prior six-month period, whichever is greater. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Wolford submitted a certified account statement for the appropriate period showing an average monthly deposit of $190.64. The Court will assess an initial partial filing fee of $38.13, twenty percent of Wolford's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural

rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Discussion**

Wolford brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his federal rights to due process and equal protection. Named as defendants are numerous current and former members of the Missouri Parole Board, and Wolford's former wife.

In the complaint, Wolford provides the following background. In February of 1987, he was convicted of murder, assault, and burglary for killing a man with whom his wife and children were living, and stabbing another man. He was sentenced to consecutive terms of 30 years, 15 years, and 8 years. From 1995 to 2016, he received a total of seven parole hearings, but was denied parole each time. He alleges that his parole file contains information that he had threatened the lives of his former wife and her parents, and a report prepared by a psychiatrist.

Wolford alleges that his due process rights were violated when defendants wrongfully denied him parole for various reasons, including considering the psychiatric report and the information about the threats. Wolford also alleges that defendants failed to notify him of adverse information in his parole file, and made findings during parole hearings that became part of his parole file. Wolford also challenges aspects of the procedure employed during his parole hearings. For his prayer for relief, Wolford seeks a declaratory judgment that the defendants violated his federal rights and his right to medical privacy, and that the Missouri Parole Board's practices are unconstitutional. Plaintiff also asks the Court to compel the Missouri Parole Board to give Missouri inmates "pre-hearing" factors, grant him an immediate parole hearing that none of the defendants can participate in, enter an "order of protection" providing that none of the defendants can participate in future parole decisions, compel the Missouri Parole Board to

implement screening and pre-hearing processes, and order the Missouri Parole Board to expunge any information regarding non-commitment offenses from the plaintiff's parole file. He also seeks compensatory and punitive damages.

**Discussion**

Defendants McSwain, Wells, Rucker, Jones, Zamkus, Dusenberg, Ruzika, and Crump are all current or former members of the Missouri Parole Board, and are sued in their official and individual capacities. Wolford alleges that these defendants violated his constitutional rights when they took various actions in the process of considering and deciding to deny him parole. The Eighth Circuit Court of Appeals has held that members of a state parole board are entitled to absolute immunity when considering and deciding parole questions. *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) (parole board members were entitled to absolute immunity in their individual capacities even if mistaken in judgment); *accord Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006) (parole board members are absolutely immune from suit when considering and denying parole questions; extending absolute immunity to parole agent where his function was so associated with function of parole board that he was also cloaked in immunity). "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1975)). Because all of Wolford's claims against these defendants arise from actions they took in the process of considering and deciding the question of his parole, they are all absolutely immune from liability.

Plaintiff names one Debra Wolford in the caption of the complaint, and refers to one Debra Smulders when setting forth his claims. Review of the complaint reveals that both names refer to the same person: Wolford's former wife. For his statement of claim, Wolford alleges

4

that "Debra Smulders" violated his constitutional rights by making "illicit and perjured claims" to the Missouri Parole Board, and employing a psychiatrist to prepare a report about Wolford. (Docket No. 1 at 18). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, while Wolford alleges that Debra Smulders/Debra Wolford was employed by the state at some point, he does not allege, nor does it appear, that she was acting under color of state law when she made the claims to the parole board or when she hired the psychiatrist. Wolford therefore fails to state a claim against Debra Smulders/Debra Wolford. *See id.*

The complaint would be subject to dismissal notwithstanding the foregoing determinations. First, Wolford fails to allege a *prima facie* case of an equal protection violation, as he does not plead facts indicating he has been treated differently than other inmates similarly situated. Second, Wolford's due process claims fail as a matter of law. The right to due process under the Fourteenth Amendment exists only when there is a protected life, liberty or property interest. A liberty interest may arise from the Constitution itself, or from state laws. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In the case at bar, Wolford's claims fail to identify a liberty interest protected by due process. The Supreme Court has recognized that "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole." *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11, (1979). Instead, matters pertaining to the parole process are governed by state statute and are therefore matters of state law, without questions of constitutional magnitude. The United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes 'create no liberty interest' under state law in the parole

board's discretionary decisions." *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, a Missouri prisoner's allegations challenging the denial of parole do not state a claim under 42 U.S.C. § 1983. *Id.* Similarly, Wolford is not entitled to relief on his claims that adverse information in his parole file was not disclosed to him and that his requests to expunge adverse information were denied. Due process protection is only invoked when state procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250–251 (1983). It is therefore self-evident that, because Missouri prisoners have no federally-protected liberty interest in parole, they cannot mount a federal constitutional challenge to any state parole review procedure on procedural, or substantive, due process grounds.[1]

Even assuming Wolford did have a protectable liberty interest, he does not state a claim concerning the placement of adverse information in his parole file, the failure to notify him of or expunge such information, or the defendants' reliance upon such information in denying him parole. Wolford's allegations that the adverse information, and his lack of opportunity to refute it, caused him to be denied parole are conclusory at best, and are in fact refuted by other allegations in the complaint. For example, in describing one instance he was denied parole, Wolford states that defendant Rucker terminated the parole hearing because Wolford refused to recount the facts that gave rise to the murder charge, and alleges that he was denied parole on

---

[1] Wolford cites the Eighth Circuit case *Williams v. Missouri Board of Probation and Parole*, 661 F.2d 697 (8th Cir. 1981) for the proposition that Missouri's parole statute creates in Missouri prisoners a protected liberty interest in parole. In *Williams*, the Court held that a Missouri statute providing that when certain statutory and regulatory guidelines were met, an inmate shall be released on parole established entitlement to due process, and required that an inmate be advised of adverse information in his parole file. However, *Williams* has been superseded by Missouri statute, as stated in *Maggard v. Wyrick*, 800 F.2d 195 (8th Cir. 1986). In *Maggard*, the Eighth Circuit Court of Appeals noted that, since *Williams* was decided, the Missouri legislature amended the parole release statute, replacing the mandatory "shall" with the discretionary "may in its discretion." *Maggard*, 800 F.2d at 198. The Court concluded "[w]e have since concluded that the Missouri statute as amended does not create a protected liberty interest in parole." *Id.* (internal citations omitted).

that occasion due to "defendant Rucker's vindictiveness which became punitive in nature." (Docket No. 1 at 13). In describing another instance he was denied parole, Wolford claims that defendant Jones controlled the parole hearing by "injecting the same irrelevant generalities that occurred in [Wolford's] six previous hearings" and "made a personal decision to refuse to accept the report and recommendation from" another parole officer. (*Id.* at 16-17). In describing yet another, Wolford alleges that defendant Jones stated that "a plethora" of information was considered in denying parole. (*Id.* at 14). Based upon Wolford's allegations, any effect the adverse information had was too attenuated to implicate Wolford's due process rights, as it cannot be said that parole would have been granted if the adverse information was absent from his file or he had been advised of it.

In addition, to the extent Wolford seeks monetary damages, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). There, the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of his conviction or the length of his sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." *Id.* at 487. *Heck* applies to decisions concerning parole. *Schafer v. Moore*, 46 F.3d 43 (8th Cir.1995); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) ("*Heck* applies to proceedings [that] call into question the fact or duration of parole."). In the case at bar, a decision in Wolford's favor would call into question the decision to deny parole and therefore implicate the length of his incarceration, and Wolford has not demonstrated that the decisions establishing the length of incarceration (the parole board's decisions) have been invalidated. Therefore, Wolford's claims for damages are not cognizable in this § 1983

action. Finally, the Missouri Parole Board is not a party to this action, and Wolford is therefore not entitled to the various declaratory and injunctive relief he seeks against it.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Lonnie E. Wolford's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Wolford must pay an initial filing fee of $38.13 within twenty-one (21) days of the date of this Order. Wolford is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Wolford's Motion to Appoint Counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE